### DEIBEL v WELLER

Ohio Appeals, 9th Dist, Summit Co

No 3224. Decided March 4, 1940.

Carl M. Myers, Akron, and W. M. Giffen, Akron, for appellant.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

### OPINION

By WASHBURN, PJ.

Joseph Deibel, trustee, recovered a judgment against Joseph N. Weller, and on June 22, 1939, caused an execution to be issued to the sheriff, who seized an automobile, the certificate of title of which was in Joseph C. Weller, but up until June 19, 1939, had been in his father, the judgment debtor.

By reason of proceedings instituted by Joseph C. Weller, who claimed to be the owner of the automobile, a trial of the right of property was had in the Municipal Court, and the trial judge directed the jury to return a verdict in favor of the claimant, Joseph C. Weller.

The cause is before this court on appeal on questions of law.

Upon the trial the claimant introduced the certificate of title to him, identified the automobile, and rested, which, under §6290-4 GC, established a prima facie case of ownership in the claimant.

The execution creditor called the claimant, Joseph C. Weller, for cross-examination, and also examined his father, the judgment debtor, as a witness.

The testimony of these two witnesses did not differ as to any material fact, and was uncontradicted.

It is our judgment that, upon the evidence, reasonable minds could come to no other conclusion than that the automobile, when taken on execution, was the property of the claimant, and that the trial judge did not err to the prejudice of appellant in rulings on the admissibility of evidence or in directing a verdict and refusing a new trial.

Judgment affirmed.

DOYLE, J. and STEVENS, J., concur.